NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARLA JAQUELINE HERNANDEZ-SAVEDRA; et al., Petitioners, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 16-72520 Agency Nos. A206-728-459 A206-728-460 A206-728-461 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Karla Jaqueline Hernandez-Savedra and her family, natives and citizens of

Honduras, appeal pro se from the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Hernandez-Savedra's contentions as to her family as a social group and as to her claim that the past harm rose to the level of persecution because they were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

The BIA did not err in finding that Hernandez-Savedra failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Further, substantial evidence supports the

2                                                    16-72520

BIA's determination that Hernandez-Savedra otherwise failed to demonstrate a nexus between the harm she fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground."). Thus, Hernandez-Savedra's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Hernandez-Savedra failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government of Honduras. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**